PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1989 Honda Civic struck a hole on Pennsylvania Avenue in Charleston, Kanawha County. Pennsylvania Avenue is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 2:00 p.m. on March 17, 2008. Pennsylvania Avenue is a three-lane, paved road. At the time of the incident, claimant was traveling from the west side of Charleston to his home in Mink Shoals. As claimant was driving at less than twenty-five miles per hour, his vehicle struck a hole in the road. Mr. Maston testified that the hole was situated between Washington Street and Women & Children’s Hospital and was approximately eight to ten inches long, four or five inches wide, and six inches deep. Claimant testified that he travels this road almost daily and had tried to avoid the holes on this road on prior occasions. Although claimant was aware of the road condition, he took this road because it was the main route to his home rather than driving on the interstate. As a result of this incident, claimant’s vehicle sustained damage to its right, front tire, and the vehicle’s wheels had to be re-aligned. Thus, claimant incurred damages in the amount of $ 120.17.
The position of the respondent is that it did not have actual or constructive notice of the condition on Pennsylvania Avenue. The respondent did not present any witnesses at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the time of year in which this incident occurred leads the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $ 120.17.
Award of $120.17.